UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>        Plaintiff,<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC.<br>TONY RUDSTON, and<br>GARY LORTIE,<br><br>        Defendants. | Civil Action No. 04-12461-GAO |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendants GlobalWare Solutions, Inc. ("GlobalWare"), Tony Rudston, and Gary Lortie (collectively, "Defendants") hereby move to dismiss the Complaint for insufficiency of service of process. The Returns of Service filed by Plaintiff are false. Contrary to what Plaintiff's process server has stated in the Returns of Service -- under the penalties of perjury -- Messrs. Rudston and Lortie, the individual defendants in this case, have never been personally served with process. Nor has Michael Leiss, GlobalWare's President, been personally served on behalf of GlobalWare, as the Return of Service for GlobalWare falsely indicates. To the contrary, all Plaintiff has done to attempt service of process is to cause a constable to leave Summonses and copies of the Complaint with GlobalWare's receptionist at the front desk of GlobalWare's office in Haverhill, Massachusetts. Plainly, such delivery is insufficient service of process under both Rule 4(e), as to the individual defendants, and Rule (4)(h), as to GlobalWare. Accordingly, under Rule 12(b)(5) and Rule 4 dismissal is fully warranted.

## FACTS

On November 22, 2004, Plaintiff filed the instant action against GlobalWare and the individual defendants, Messrs. Rudston and Lortie. Plaintiff's Complaint includes five counts against GlobalWare that stem from his period of employment with GlobalWare. The count in Plaintiff's Complaint against Messrs. Rudston and Lortie is for alleged violations of the Massachusetts Payment of Wages Act, Massachusetts General Laws Chapter 149, § 148.[1]

On November 22, 2004, Plaintiff's counsel, Mr. Waterman, notified Defendants' counsel, Mr. Burak, by letter of the Complaint's filing and requested that Defendants waive proper service of process. Mr. Waterman did not comply with the provisions of Rule 4(d) but rather insisted that Defendants' counsel notify him "by the close of business tomorrow" as to whether Defendants would waive service.[2] See Letter from Attorney Waterman to Attorney Burak, dated November 22, 2004, a copy of which is attached hereto as **Exhibit A**. Additionally, Mr. Waterman improperly insisted that, if Defendants chose to waive service of process, "any responsive pleading is due within the traditional twenty (20) days of service, and not the sixty (60) days *as suggested by* Fed. R. Civ. Proc. 4(d)(3)." See id. (emphasis supplied).[3] Furthermore, Mr. Waterman informed counsel for Defendants that if they did not accede to his demands regarding service, he would "initiate service [on Defendants] pursuant to Rule 4."

---

[1] Although M.G.L. c. 149, § 148 defines "employer" to include: "[t]he President and treasurer of a corporation and any officers or agents having the management of such corporation," Messrs. Lortie and Rudston did not hold their current respective offices as interim CFO and Chairman *at the time* the alleged violations occurred and, thus, clearly did not have "management of such corporation."

[2] Mr. Waterman failed to comply with Rule 4(d) by not allowing Defendants the reasonable amount of time specified in Rule 4(d)(2)(F) to waive service. Rule 4(d)(2)(F) provides that the notice and request for waiver of service: "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent . . . ." (emphasis supplied).

[3] Rule 4(d)(3) commands -- it does not "suggest" -- that the time for serving an answer is expanded in waiver of service situations: "A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent . . . ." Fed. R. Civ. P. 4(d)(3).

2

On November 29, 2004 (the Monday following the Thanksgiving holiday), Defendants' counsel, Mark Burak, spoke to Mr. Waterman and advised him that Defendants would not waive service in light of Plaintiff's unreasonable demands and that proper service was required.

On November 29, 2004, Plaintiff's process server, Mr. Paul Campbell of C & C Constables & Associates, Lynnfield, Massachusetts, left three packages at the reception desk of GlobalWare in Haverhill, Massachusetts. One package was addressed to Mr. Rudston, another to Mr. Lortie, and the third to "GlobalWare Solutions, Inc." See Affidavit of Angela Culot, GlobalWare's Director of Human Resources, attached hereto as **Exhibit B**. Mr. Campbell did nothing to attempt personal service; he merely left all three packages with GlobalWare's receptionist, Ms. Maria Grullon. See id.; see also Affidavit of Maria Grullon, GlobalWare's receptionist, attached hereto as **Exhibit C**. Ms. Grullon is not authorized by appointment or otherwise to receive service of process for any of the Defendants. See **Exhibit C**.

On November 29, 2004, Mr. Campbell completed three Returns of Service, which Plaintiff subsequently filed with this Court on December 6, 2004. According to the Returns of Service, on November 29, 2004, Mr. Campbell *personally* served Mr. Rudston at 200 Ward Hill Avenue, Haverhill, MA (200 Ward Hill Avenue, Haverhill is the address of GlobalWare's corporate headquarters); *personally* served Mr. Lortie at Mr. Lortie's residence at 9 Walnut Hill Road, Millis, MA; and *personally* served a Summons and a copy of the Complaint upon Michael Leiss, President, GlobalWare Solutions, Inc. at 200 Ward Hill Avenue, Haverhill, MA. See Returns of Service for Tony Rudston, Gary Lortie and Michael Leiss, copies of which are attached hereto as **Exhibit D - F**. Mr. Campbell's declarations on the Returns of Service are untrue. Mr. Rudston has never been personally served by a process server -- at the corporate headquarters of GlobalWare or elsewhere -- with either a Summons or a copy of the Complaint

3

in this action. See Affidavit of Tony Rudston, attached hereto as **Exhibit G**. Indeed, on the day Mr. Campbell declares -- under penalty of perjury -- that he personally served Mr. Rudston, Mr. Rudston was traveling *in Africa*. Id. Mr. Lortie also has never been personally served by a process server -- at his residence or elsewhere -- with either a Summons or a copy of the Complaint in this action. See Affidavit of Gary Lortie, attached hereto as **Exhibit H**. Finally, Mr. Leiss has never been personally served by a process server -- at the corporate headquarters of GlobalWare or elsewhere -- with either a Summons or a copy of the Complaint in this action. See Affidavit of Michael Leiss, attached hereto as **Exhibit I**.

## ARGUMENT

This matter must be dismissed because Plaintiff has failed to effectuate valid service of process. "In the absence of valid service of process, proceedings against a party are void." See, e.g., Blankenship v. Unites States, No. 04-0041, 2004 WL 2284371, *3 (S.D. Tex. Aug. 18, 2004) (granting motion to dismiss for insufficiency of service of process); Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655 (M.D.N.C. 2003) (Plaintiff's failure to serve summons and complaint on certain named defendants warranted dismissal of claims against those defendants). Rule 12(b)(5) of the Federal Rules of Civil Procedure provides the proper mechanism for dismissing actions where, as here, there is an insufficiency of service of process. See, e.g., Austin v. Spaulding, No. 00-104, 2002 WL 1459603, *1 (D.R.I. June 17, 2002) (granting motion to dismiss where plaintiff failed to effectuate service on individual defendant).

When service of process is challenged, the party making service has the burden to establish its validity. See, e.g., Wilson v. Prudential Financial, 332 F. Supp. 2d 83, 87 (D. D.C. 2004); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002). Here, Plaintiff cannot meet this burden by resting on Mr. Campbell's conclusory -- and false -- statements in the

4

Returns of Service because the true circumstances of service are set forth in the Affidavits of Ms. Culot, Ms. Grullon, and Messrs. Leiss, Lortie and Rudston. See Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) ("Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process.") (aff'd, 173 F.3d 844 (2d Cir. 1999)); see also Wright & Miller, *Insufficiency of Process and Service of Process*, 5B FEDERAL PRACTICE & PROCEDURE § 1353 (3d. ed.) (collecting cases) (although "[n]ormally the process server's return will provide a prima facie case as to the facts of service . . . if the defendant introduces uncontroverted affidavits . . . the content of those affidavits will be deemed admitted.").

Here, Plaintiff has failed to serve process upon the individual defendants, Messrs. Rudston and Lortie. Although, pursuant to Fed. R. Civ. P. 4(e)(2), Plaintiff could have effected service upon Messrs. Rudston and Lortie "by delivering a copy of the summons and complaint to the individual personally," the Affidavits of Messrs. Rudston and Lortie establish that Mr. Campbell's declarations on the Returns are false, and that he did not in fact serve either of them personally. Nor was Plaintiff's actual manner of delivery proper. Plainly, leaving a summons and complaint with a receptionist is not proper service under Rule 4. There was no indication -- and nor could there be -- that the receptionist was authorized to accept service personally on their behalf. See, e.g., Chiara v. Dizoglio, 81 F.Supp.2d 242, 249 (D. Mass. 2000) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(5) where affidavit of process server indicated that individual defendant was not served properly because process was left at individual defendant's place of business, and not served personally or left at last and usual place of abode); Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C. 2003) (service of process cannot be effected upon individual defendant by serving at his place of employment individuals who are not authorized by him to

accept service of process); <u>Martin</u> v. <u>Coca-Cola Co.</u>, 785 F. Supp. 3 (D.D.C. 1992) (leaving copies of complaint at corporate defendant's office did not satisfy requirement that individual defendants be served personally); <u>West</u> v. <u>Paige</u>, 835 F. Supp. 20 (D. Me. 1993) (service upon defendant's secretary at his place of employment did not satisfy requirements of Rule 4).[4]

Plaintiff also has failed to properly serve GlobalWare. Rule 4(h) authorizes service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." As discussed above, Plaintiff did not in fact personally serve GlobalWare's President Michael Leiss, as the process server's return states. Moreover, the actual manner of Plaintiff's service -- leaving a Summons and copy of the Complaint with GlobalWare's receptionist -- also did not constitute proper service because Ms. Grullon was not authorized by appointment or otherwise to receive such service. Fed. R. Civ. P. 4(h); <u>Free State Receivables, Ltd.</u> v. <u>Claims Processing Corp. of New Jersey</u>, 76 F.R.D. 85 (D. Md. 1977) (where marshall failed to

---

[4] Plaintiff's process server, Mr. Campbell, did not attempt service under Massachusetts' law on any of the Defendants pursuant to Fed. R. Civ. P. 4(e)(1). Under the law of Massachusetts, service on an individual may be made "by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or statute to receive service of process . . ." Mass. R. Civ. P. 4(d)(1). Service upon a domestic corporation is made "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth . . . or by delivering such copies to any other agent authorized by appointment or by law to receive service of process. Even if Mr. Campbell had done so, such service would have been ineffective because he is a constable. Service under state law must be made by delivery of the summons and complaint by "the sheriff, deputy sheriff, or special sheriff; and other person duly authorized by law; a person specifically appointed to serve them; or as otherwise provided in subdivision (c) of this rule." Mass. R. Civ. P. 4(a). Given the amount of damages sought by Plaintiff, service pursuant to Mass. R. Civ. P. 4(d) -- and therefore Fed. R. Civ. P. 4(e)(1) -- must be made by the sheriff, deputy sheriff, or special sheriff, and <u>not</u> a constable. <u>See</u> Mass. G.L. ch. 41, §§ 92, 94; <u>K&R Robinson Ent. Ltd.</u> v. <u>Asian Export Material Supply Co.</u>, 178 F.R.D. 332, 339 (D. Mass. 1998) ("It is undisputed that, under Massachusetts law, a constable may not make service of process in a case in which, as here, the damages exceed $2,500.").

6

personally serve only employee of corporation empowered to accept service, but instead left summons with receptionist in corporate office, delivery was insufficient under federal rules).

## CONCLUSION

For all of these reasons, the Complaint must be dismissed as against Defendants for insufficient service of process.

Respectfully submitted,

GLOBALWARE SOLUTIONS, INC.,
TONY RUDSTON, and
GARY LORTIE

By their attorneys,

*/s/ Scott J. Connolly*
Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on December 20, 2004.

*/s/ Scott J. Connolly*
Scott J. Connolly