UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALFRED FELICIANO,<br><br>                    Plaintiff,<br><br>         v.<br><br>GLOBALWARE SOLUTIONS, INC.,<br>TONY RUDSTON, and<br>GARY LORTIE<br><br>                    Defendants. | Civil Action No.  04-12461 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Alfred Feliciano ("Plaintiff") hereby opposes Defendants Gary Lortie,

Globalware Solutions, Inc. ("Globalware"), and Tony Rudston's (collectively "Defendants")

Motion to Dismiss ("Motion") pursuant to Rule 12(b)(5) because since Defendants filed the

Motion, proper service has been made on all three Defendants.  Accordingly, service of the

Complaint and Summons is no longer in dispute, and the Court should deny Defendants' Motion

to Dismiss.

### I.    Nature of the Case

This is an action for damages and other relief arising out Mr. Feliciano's employment

with Globalware, which spanned from June 2000 through sometime in 2003, and Globalware's

fraudulent conduct following its wrongful termination of Mr. Feliciano.[1]  In particular,

Globalware has denied Mr. Feliciano certain benefits pursuant to his employment agreement with

---

[1] Mr. Feliciano's claims include breach of contract, fraud, violation of the Payment of Wages Law, violations of his rights under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1161, *et seq.*, and breach of the implied covenant of good faith and fair dealing.  While Globalware did terminate Mr. Feliciano in violation of state and Federal disability laws, Mr. Feliciano failed to assert these claims in a timely manner.

Globalware, failed to make proper disability payments to Mr. Feliciano after a work related accident, and failed to provide him with notice of his COBRA rights upon termination of his employment. Mr. Feliciano remains uncertain of his official termination date from Globalware because it never provided him with any written, or even verbal, notification of his termination. Indeed, Mr. Feliciano's personnel file, produced by Globalware in August 2004, pursuant to M.G.L. c. 149, §52C, is devoid of any document(s) that suggest when Globalware terminated Mr. Feliciano's employment.

Mr. Feliciano filed his wage claims against both Mr. Rudston and Mr. Lortie individually because not only were they corporate officers at Globalware at the time it violated Mr. Feliciano's rights under M.G.L. c. 149, but they played a direct role in Globalware's violation of M.G.L. c. 149. Mr. Feliciano had conversations with both Mr. Rudston and Mr. Lortie, on two separate occasions concerning Globalware's failure to pay him his wages. Mr. Rudston even went so far as to tell Mr. Feliciano to file a lawsuit and stand in line with Globalware's other creditors.[2]

## II.    **Defendants' Motion to Dismiss**

Defendants base their Motion to Dismiss Mr. Feliciano's Complaint on the technical defense that service of the Complaint on all three defendants was improper. Defendants claim that despite the returns of service filed with this Court evidencing in hand service on all three defendants, the Complaint was in fact left at Globalware's front desk.[3] This is directly

---

[2] A review of the Massachusetts and Federal Court docket reveals at least four civil actions brought against Globalware by former employees with claims ranging from ERISA and COBRA violations to unpaid wages.

[3] Defendants even go so far as to suggest that even if service was made on the three defendants, Plaintiff's use of a constable to serve the Complaint was improper and a violation of Mass. R. Civ. P. 4(a). As Defendants' counsel is well aware, the Federal Rules of Procedure apply to this action, and Rule 4(c) provides, in pertinent part, that "[a] summons shall be served together with a copy of the complaint" and that "[s]ervice may be effected by any person not a party and who is at least eighteen years of age." Service by the constable, who is over eighteen years of age, was, as a matter of law, appropriate.

contradicted by Paul Campbell, Plaintiff's process server, and raises questions about Globalware's actions. As evidenced by the attached Affidavit of Paul Campbell, on or about November 29, 2004, Mr. Campbell traveled to Globalware's headquarters in Haverhill, MA and asked the receptionist to see Mr. Lortie, Mr. Rudston, and the president of Globalware. See, Affidavit of Paul Campbell, attached hereto as Exhibit A. A few minutes later three men appeared and identified themselves as Tony Rudston, Gary Lortie, and Michael Leiss. Based on these representations, Mr. Campbell served each individual personally. Plaintiff still questions what individuals impersonated the defendants in order to accept service on their behalf, and place him in this procedural conundrum.

Since Defendants filed their Motion to Dismiss on December 20, 2004, Plaintiff has re-served each of the three defendants in order to remove any doubt over the sufficiency of service. On January 5, 2005, pursuant to Fed. R. Civ. P. 4(c), Plaintiff caused service of the Summons and Complaint on Globalware via its designated agent, CT Corporation. Campbell Aff. at ¶ 9. On January 8, 2005, Plaintiff caused service of the Summons and Complaint on Gary Lortie in hand to Mr. Lortie at his residence at 9 Walnut Hill Rd, Millis Massachusetts. Campbell Aff. at ¶ 10.[4] On January 12, 2005, Mr. Rudston's personal secretary Nina Peterson, advised Mr. Campbell that she was authorized to accept service on Mr. Rudston's behalf. Campbell Aff. at ¶ 12, 13. Based on this representation, Mr. Campbell served her in hand with the Complaint and Summons.

---

[4] Plaintiff filed the original Returns of Service for Globalware and Mr. Lortie with the Court today, January 14, 2005.

Defense counsel has advised the undersigned that he does not intend to contest the latest service on Mr. Lortie or Globalware, and thus the only remaining issue for this Court to decide is the sufficiency of service on Mr. Rudston.

### III.    Discussion

### A.    Service on Mr. Rudston's Designated Agent Complies with Rule 4(e)(2)

The latest service on Mr. Rudston on January 5, 2004, is proper because it was made on his designated and authorized agent Ms. Peterson. As this Court is well aware, Rule 4(e)(2) provides service upon an individual is appropriate "by delivering a copy of the summons and of the complaint to the individual personally . . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or law to receive service of process." Ms. Peterson advised Mr. Campbell that she was Mr. Rudston's agent, authorized to accept service on his behalf. Campbell Aff. at ¶ 12. Accordingly, Plaintiff has effected proper service on Mr. Rudston.

### B.    Even if the Court Questions the Validity of Service on Ms. Peterson, the Liberal Construction of Rule 4, and Mr. Rudston's Actual Notice of the Complaint, Supports the Denial of Defendants' Motion to Dismiss

Even if this Court remains unconvinced that Ms. Peterson's acceptance of the Summons and Complaint constitutes proper service on Mr. Rudston, Plaintiff contends that the liberal construction of Rule 4 warrants the finding that Plaintiff complied with Rule 4 as it pertains to Mr. Rudston. Wright & Miller correctly point out that the modern conception of service of process is primarily a notice giving device. 4A Fed. Prac. & Proc. Civ. 3rd ed. § 1083, Charles Alan Wright and Arthur Miller (2004). More importantly, Federal Courts routinely find that where the defendant has actual notice of the Complaint, dismissal is generally unwarranted. *See, Richardson v. Downing*, 209 F.R.D. 283, 284 (D. Mass. 2002) (holding that even where plaintiff

4

failed to make proper service on defendant, Complaint should not be dismissed since defendant

had received a copy of the Complaint and Summons, and thus had actual knowledge of the suit);

*Arum v. Miller*, 193 F. Supp.2d 572 (D.C.N.Y. 2002) (holding where defendant received actual

notice of Complaint, service of process requirements under Rule 4 was to be construed liberally).

Here, Defendants cannot dispute that Mr. Rudston has actual notice of Plaintiff's Complaint.

Indeed, considering that Mr. Rudston's attorney, Mark Burak, has had a copy of the Complaint

since November 22, 2004, and Mr. Rudston filed an affidavit in this case, any claim by Mr.

Rudston of lack of notice is not credible.

The 1986 decision of the District Court for the District of Columbia is strikingly

analogous to the facts at bar. In that case, four individual defendants filed a motion to dismiss in

part based on lack of proper service. *Hagmeyer v. US Dept. of Treasury,* 647 F. Supp. 1300

(D.D.C. 1986). The defendants claimed that because unauthorized persons received the

Summons and Complaint on their behalf, service was improper and the Complaint should be

dismissed. *Id.* at 1302. The court, noting the liberal construction of Rule 4 and its purpose of

serving as a "notice-giving device" held that because all defendants received actual notice of the

law suit, the questionable service caused them no prejudice, and therefore denied the Motion to

Dismiss. *Id.* As set forth above, it is beyond dispute that Mr. Rudston has actual notice of

Plaintiff's Complaint, and therefore has suffered no prejudice as the result of the service of the

Complaint and Summons, regardless of its propriety. Accordingly, in light of the liberal

application of Rule 4, and its underlying policy that once a defendant has actual notice of the

Complaint Rule 4's objective has been achieved, this Court should deny Defendants' Motion to

Dismiss.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

Plaintiff,

**ALFRED FELICIANO**

By his attorneys,

/s/ Christopher M. Waterman
Joseph L. Demeo, BBO# 561254
Christopher M. Waterman, BBO# 564303
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110
(617) 263-2600

Dated:  January 14, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                        )
ALFRED FELICIANO,                       )
                                        )        Civil Action No.  04-12461
            Plaintiff,                  )
                                        )
                                        )
      v.                                )
                                        )
GLOBALWARE SOLUTIONS, INC.,             )
TONY RUDSTON, and                       )
GARY LORTIE                             )
                                        )
            Defendants.                 )
                                        )
```

### AFFIDAVIT OF PAUL CAMPBELL

I, Paul Campbell, hereby depose and state as follows:

1.  I am the owner and President of C&C Constables, Inc. ("C&C"). C&C has its principal place of business at 226 Bartholomew Street Peabody, MA 01960.

2.  C&C's provides legal support services to lawyers and law firms in the Massachusetts area.

3.  Service of process is one of the many services provided by C&C.

4.  On or about November 29, 2004, Christopher Waterman, Esq. contacted me and requested that I serve a summons and complaint on the above named defendants, Globalware Solutions, Inc., Gary Lortie, and Tony Rudston.

5.  Later that day I traveled to Globalware's headquarters in Haverhill, MA. I asked the receptionist to see Mr. Lortie, Mr. Rudston, and the president of Globalware.

6.  A few minutes later three men appeared and identified themselves as Tony Rudston, Gary Lortie, and Michael Leiss. I served each individual by hand with the summons and complaint.

7.  I have been informed that these three individuals are now claiming that I did not serve them on November 29, 2004. As stated above, I served three individuals who identified themselves to me as Tony Rudston, Gary Lortie, and Michael Leiss.

8.  Shortly thereafter I was notified that Defendants were claiming service had in fact not been made on them. Rather than engaging in a costly dispute over service, it was decided to re-serve them again.

9.  Service was made on Globalware at its registered agent, CT Corp. on January 5, 2005. <u>See</u>, a true and accurate copy of Summons and Return of Service on CT Corporation, attached hereto as <u>Exhibit A</u>.

10.  Service was made on Gary Lortie, in hand, at his residence in Millis on January 8, 2005. <u>See</u>, a true and accurate copy of Summons and Return of Service on Mr. Lortie, attached hereto as <u>Exhibit B</u>.

11.  I contacted Globalware on several occasions to attempt service on Mr. Rudston. Each time I was told he was not there.

12.  On January 12, 2005, I went to Globalware again. Upon asking for Mr. Rudston I was approached by Ms. Nina Peterson. Ms. Peterson identified herself as Mr. Rudston's personal secretary and told me that she was authorized to accept service on Mr. Rudston's behalf.

13.  I then served Ms. Peterson with the Complaint and summons. <u>See</u>, a true and accurate copy of Summons and Return of Service on Ms. Peterson, Mr. Rudston's designated agent, attached hereto as <u>Exhibit C</u>.

Signed under the pains and penalties of law this 14th day of January 2005.

Paul Campbell

2

# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

Eastern _____ District of Massachusetts _____

Alfred Feliciano

**SUMMONS IN A CIVIL ACTION**

V.

Globalware Solutions, Inc.
Tony Rudston, and Gary Lortie    CASE NUMBER:

## 04 CV 12461 GAO

TO: (Name and address of Defendant)

Globalware Solutions, Inc.
200 Ward Hill Avenue
Haverhill, MA 01834-6972

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Christopher M. Waterman
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_Dec. 23, 2004_
DATE

TONY ANASTAS
CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 1/5/05 |
| NAME OF SERVER (PRINT)  Thomas McNair, Jr. | TITLE Special process server as appointed by 4C motion |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):  served in hand upon CT Corp., 101 Federal St. Boston, MA to Yvette Concepcion.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES $40.00 | TOTAL $0.00xx $40.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/5/05
　　　　　Date

*Signature of Server*

COMMONWEALTH OF MASSACHUSETTS
C & C CONSTABLE'S & ASSOCIATES INC.
PO BOX 1023
LYNNFIELD MA 01940-9991

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern _____ District of_ Massachusetts _____

Alfred Feliciano

### SUMMONS IN A CIVIL ACTION

V.

Globalware Solutions, Inc.,
Tony Rudston, and Gary Lortie

CASE NUMBER:

## 04 CV 12461 GAO

TO: (Name and address of Defendant)

Gary Lortie
9 Walnut Hill Road
Millis, MA 02054-1051

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Christopher M. Waterman
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110

an answer to the complaint which is served on you with this summons, within ____20____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS _____          _Dec. 23, 2004_ _____

CLERK                                          DATE

_Gina Edge_

(By) DEPUTY CLERK

AO 440 (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>January 8, 2005 |
| NAME OF SERVER (PRINT)<br>Thomas McNair Jr. | TITLE<br>Special Process server as appointed by 4C motion |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served:

   9 Walnut Hill Road
   Millis, MA  02054

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL<br>$15.07 | SERVICES<br>$40.00 | TOTAL<br>$0.00x$55.07 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/8/05
      Date

Signature of Server
COMMONWEALTH OF MASSACHUSETTS
G & G CONSTABLE'S & ASSOCIATES INC.
PO BOX 1023
LYNNFIELD MA 01940-9991

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT C**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern _____     District of __ Massachusetts

Alfred Feliciano

**SUMMONS IN A CIVIL ACTION**

V.

Globalware Solutions, Inc.,
Tony Rudston, and Gary Lortie

CASE NUMBER:

# 04 CV 12461 GAO

TO: (Name and address of Defendant)

Tony Rudston
Globalware Solutions, Inc.
200 Ward Hill Avenue
Haverhill, MA 01834-6972

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Christopher M. Waterman, Esq.
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

_Dec. 23, 2004_

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | Jan. 12, 2005 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Paul Campbell | Special process server as appointed by 4C motion |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): served in hand to Nina Peterson, Globalware Solutions, Inc. 200 Ward Hill Avenue, Haverhill, MA

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | $40.00 | $0.00  $40.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/12/05
　　　　　　　　Date

Signature of Server

COMMONWEALTH OF MASSACHUSETTS
C & C CONSTABLE'S & ASSOCIATES INC.
PO BOX 1023
LYNNFIELD MA 01940-9991

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.