UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED FELICIANO,

        Plaintiff,

v.

GLOBALWARE SOLUTIONS, INC.
TONY RUDSTON, and
GARY LORTIE,

        Defendants.

Civil Action No. 04-12461-GAO

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY

Defendants GlobalWare Solutions, Inc., Tony Rudston, and Gary Lortie request leave of

Court to file a short Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. As

grounds for their motion, Defendants state that certain representations contained in the affidavit

of Plaintiff's agent for service, Mr. Campbell, and in Plaintiff's Opposition are false. For

example, Mr. Rudston has not been properly served with process in this action as Plaintiff falsely

contends. Accordingly, a short reply brief is necessary to rebut the blatant misrepresentations in

Plaintiff's Opposition. A copy of Defendants' Reply is attached.

FILED
IN CLERKS OFFICE

2005 JAN 24  P 3: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

Respectfully submitted,

GLOBALWARE SOLUTIONS, INC.,
TONY RUDSTON, and GARY LORTIE

By their attorneys,

_Scott J. Connolly_

Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

Dated: January 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Christopher M. Waterman, Esq., attorney for Plaintiff, by first class mail on January 24, 2005.

_Scott J. Connolly_

Scott J. Connolly

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED FELICIANO,

        Plaintiff,

v.

GLOBALWARE SOLUTIONS, INC.
TONY RUDSTON, and
GARY LORTIE,

        Defendants.

Civil Action No. 04-12461-GAO

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## I.    Introduction

Pursuant to Local Rule 7.1(b)(3), Defendants GlobalWare Solutions, Inc., Tony Rudston,

and Gary Lortie hereby submit the following Reply to Plaintiff's Opposition to Defendants'

Motion to Dismiss. Plaintiff's Opposition only confirms the falsity of Plaintiff's representations

to this Court regarding service of process on Defendants. As is discussed in detail below, Mr.

Rudston has <u>never</u> been properly served in this matter, and Plaintiff's representations to the

contrary are quite obviously contrived. Accordingly, under Federal Rules of Civil Procedure

12(b)(5) and 4, Mr. Rudston should be dismissed from this action.[1]

---

[1] Defendants do not contest that, since the filing of Defendants' Motion to Dismiss, Plaintiff has made renewed efforts at service and has now properly served Mr. Lortie and GlobalWare. Accordingly, Defendants Mr. Lortie and GlobalWare hereby withdraw their motion to dismiss. By this Reply, Defendant Rudston renews his previously filed motion to dismiss.

## II.    Plaintiff's Representations Regarding Proper Service Are False.

Plaintiff's claim that Mr. Rudston has been properly served rests entirely on blatant misrepresentations of Plaintiff's agent for service, Mr. Paul Campbell. However, Mr. Campbell's assertions are completely fabricated and belied by his own prior inconsistent statements as well as the affidavits submitted by GlobalWare.

Mr. Campbell's prior inconsistent statements regarding his initial efforts to effect service of process on GlobalWare, Mr. Lortie, and Mr. Rudston, plainly indicate that he should not be believed now.[2] Indeed, Mr. Campbell's statements are hopelessly conflicted. For example, Mr. Campbell first claimed under the penalty of perjury that, on November 29, 2004, he personally served Mr. Lortie at Mr. Lortie's residence in Millis, MA. See Return of Service for Gary Lortie dated November 29, 2004. Despite this sworn statement filed with this Court, Mr. Campbell now attests under oath that on November 29, he served Mr. Lortie at GlobalWare's offices -- making no mention whatsoever of his alleged service of Mr. Lortie at his home. See Affidavit of Paul Campbell, ¶¶ 5-7.

Furthermore, despite Mr. Rudston's sworn statement that he was traveling out of the country on November 29, 2004, Mr. Campbell still maintains that he served Mr. Rudston personally on that date. Id. So that there is absolutely no doubt about the falsity of Mr. Campbell's version of events, Mr. Rudston has submitted his stamped passport and flight itinerary, which clearly establish that Mr. Rudston was traveling from Cape Town, South Africa to London, England on November 29, 2004. See Flight Itinerary and Passport of Mr. Rudston,

---

[2] Not only are Mr. Campbell's claims in conflict with his prior statements, they have been refuted by the affidavits of no fewer than five GlobalWare employees. See Affidavits of Angela Culot, Maria Grullon, Tony Rudston, Gary Lortie, and Michael Leiss (submitted with the initial motion papers).

2

true and correct copies of which are attached to the Affidavit of Scott J. Connolly, Esq. at

**Exhibit A**.

Evidently recognizing the obvious falsity of Mr. Campbell statements to this Court

regarding service of process, Plaintiff puts forth the bizarre theory that Defendants used three

imposters to impersonate the President, interim CFO, and Chairman of the Board of GlobalWare

-- all in an elaborate ruse to "place [Plaintiff] in this procedural conundrum." Plaintiff's

Opposition at 3. The simpler -- and manifestly far more believable explanation -- is that Mr.

Campbell did not properly serve Defendants and, having been caught in his initial lies regarding

proper service as contained in his November 29 Returns of Service, Mr. Campbell has had to

continue in transparent efforts at deception.

### III.    Delivery of Process to an Executive Secretary was Ineffectual.

Mr. Rudston has <u>never</u> authorized or appointed Ms. Peterson to accept service for him

personally. As such, delivery of the summons and complaint to Nina Peterson was insufficient.

Ms. Peterson's affidavit establishes that she never told Mr. Campbell that she had been

authorized to accept service of process for Mr. Rudston, and that she never said or did anything

to give Mr. Campbell that impression. Affidavit of Nina Peterson, attached hereto as **Exhibit B,**

at ¶¶ 2, 3. Astoundingly, Mr. Campbell did not even bother to ask Ms. Peterson whether she had

been authorized by Mr. Rudston to accept service for him personally. <u>Id.</u> at ¶ 3. Given Mr.

Campbell's penchant for misrepresentation, his claims to the contrary cannot be believed.

In any event, as a matter of well-settled law, Plaintiff's attempted service on Mr. Rudston

by leaving a copy of the Summons and Complaint with Ms. Peterson, an Executive Assistant at

Mr. Rudston's place of work, was wholly ineffective. <u>See, e.g.</u>, <u>Chiara</u> v. <u>Dizoglio</u>, 81 F.Supp.2d

242, 249 (D. Mass. 2000) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(5) where

affidavit of process server indicated that individual defendant was not served properly because process was left at individual defendant's place of business, and not served personally or left at last and usual place of abode); West v. Paige, 835 F. Supp. 20 (D. Me. 1993) (service upon defendant's secretary at his place of employment did not satisfy requirements of Rule 4); Calder v. Stanly County Bd. of Educ., 2002 WL 31370364, at *3 (M.D.N.C. Sept. 26, 2002) (delivery of envelope containing summons and complaint to defendant's secretary who was not authorized to accept service failed to satisfy requirements); Poole v. Pass, 2005 WL 53674, at *6 (E.D. Va. 2005) (service on a co-worker at a person's place of work is insufficient to serve an individual sued in his individual capacity); Scherer v. United States, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003) (attempted service by leaving summons and complaint at individual defendant's work address did not satisfy Fed. R. Civ. P. 4); Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C. 2003) (service of process cannot be effected upon individual defendant by serving at his place of employment individuals who are not authorized by him to accept service of process); Martin v. Coca-Cola Co., 785 F. Supp. 3 (D.D.C. 1992) (leaving copies of complaint at corporate defendant's office did not satisfy requirement that individual defendants be served personally); Perez Lopez v. Mangome, 117 F.R.D. 327, 328 (D.P.R.1987) (service on administrative assistant in legal department of police headquarters, who was not appointed agent of policemen, did not constitute effective service).

This holds true even if Ms. Peterson had told Mr. Campbell that she was authorized to accept service for Mr. Rudston (which she did not). Such representations would not be binding on Mr. Rudston. Effective service of process pursuant to Rule 4 can be made only upon an individual who is actually authorized to accept service of process, not upon someone whom the plaintiff merely believes is so authorized. See Elkins, 213 F.R.D. at 275-76 (attempted service

4

deemed ineffective where process server delivered papers to persons at defendant's office who purported to accept service on defendant's behalf, but were not authorized agents for service of process: "[process server] may have believed [fellow employees] were Defendant's authorized agents, but the fact is they were not"); Gipson v. Township of Bass River, 82 F.R.D. 122, 125 (D.N.J. 1979) (service on Township Clerk deemed insufficient service upon town officials who were sued in their individual capacities: "The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected."); O'Meara v. New Orleans Legal Assistance Corp., Civ. A. No. 90-4893, 1991 WL 110401, at *4 (E.D. La. Jun. 10, 1991) (service upon unauthorized person not effective under Rule 4, even though plaintiff alleged that unauthorized employee purported to accept service).

Plaintiff's fall-back position -- that this Court should excuse Mr. Campbell's complete failure to comply with the rules for service of process on Mr. Rudston as a mere technicality -- is completely unavailing. The authorities -- including those principally relied on by Plaintiff -- are legion that absent substantial compliance with the rules for service of process, no liberal construction of Rule 4 is warranted: "there are limits to [Rule 4's] malleability . . . . The goal of liberal construction cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." Wright & Miller, *Principles of Construction of Rule 4*, 4A FEDERAL PRACTICE & PROCEDURE § 1083 (3d. ed.) (emphasis supplied) (citing Weaver v. New York, 7 F. Supp 2d 234 (D.C.N.Y. 1998) (courts distinguish between mere technical errors and a complete disregard for Rule 4); Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d 924 (D.C. Tenn. 2002) (defendant's actual knowledge of lawsuit is no substitute for proper service of process); Rose v. Kenyon College, 211 F. Supp. 2d 931 (D.C. Ohio 2002) (same)); see also Elkins, 213 F.R.D. at 275 ("the rules are there to be followed, and plain

5

requirements for the means of effecting service of process may not be ignored"). Mr. Campbell's

"efforts" to serve Mr. Rudston completely disregard the mandates of Rule 4, and, as such, the

claims against Mr. Rudston should be dismissed.

WHEREFORE, Defendants request that their Motion to Dismiss be granted, in part, and

that Mr. Rudston be dismissed from this action for insufficiency of service of process.

Respectfully submitted,

GLOBALWARE SOLUTIONS, INC.,
TONY RUDSTON and GARY LORTIE

By their attorneys,

_Scott J. Connolly_

Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

Dated:  January 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Christopher M. Waterman, Esq., attorney for Plaintiff, by first class mail on January 24, 2005.

_Scott J. Connolly_

Scott J. Connolly

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO, | |
| Plaintiff, | |
| v. | Civil Action No. 04-12461-GAO |
| GLOBALWARE SOLUTIONS, INC.<br>TONY RUDSTON, and<br>GARY LORTIE, | |
| Defendants. | |

## AFFIDAVIT OF SCOTT J. CONNOLLY, ESQ.

I, Scott J. Connolly, Esq., do hereby state on personal knowledge:

1.      I am an associate attorney in the law firm of Morse, Barnes-Brown & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, Massachusetts, and I am one of the attorneys of record for the Defendants in the above-captioned action.

2.      The attached copies of Defendant Rudston's passport and flight itinerary were delivered to me by Attorney Mark H. Burak, who is also counsel of record for Defendants in this action. Attorney Burak requested and received these copies from Defendant Rudston.

Signed under the pains and penalties of perjury this 24th day of January, 2005.

_____
Scott J. Connolly





Staple Here

See Other Side

PASSPORT CONTROL
ENTRY
10- 07
421

TEMPORARY RESIDENCE PERMIT
(Section 26 of Act No 96 of 1991)
REPUBLIC OF SOUTH AFRICA

United Kingdom of Great Britain and Northern Ireland

Passport
Passeport

Type/Type: P
Code of Issuing State: GBR
Passport No./Passeport No.: 202788806

Surname/Nom (1): RUDSTON
Given names/Prénoms (2): ANTHONY
Nationality/Nationalité (3): BRITISH CITIZEN
Date of birth/Date de naissance (4): 07 MAR /MARS 41
Sex/Sexe (5): M
Place of birth/Lieu de naissance (6): HULL
Date of issue/Date de délivrance (7): 29 JUN /JUIN 01
Authority/Autorité (8): UKPA
Date of expiry/Date d'expiration (9): 29 JUN /JUIN 11
Holder's signature/Signature du titulaire (10)

P<GBRRUDSTON<<ANTHONY<<<<<<<<<<<<<<<<<<<<<<<<<<

2027888069GBR4103079M1106297<<<<<<<<<<<<<<02

This is your travel itinerary and e-ticket receipt. If you have purchased this ticket with your card - you will need to take this with you to the airport. We advise you to carry this document for international travel, as you may need to present it at immigration and security points. Your ticket coupons are stored electronically in our computer system. The conditions of contract relating to your ticket are detailed at the end of this email.

Passengers: MR ANTHONY RUDSTON
            MRS CAROLE RUDSTON
Booking Reference: Z5BEYS
e-Ticket number(s): 125-2414565940
                    125-2414565941
Payment Type: Visa
Card Number: ************8215
Payment Total: GBP 2131.20
Date / Issued by: 19 Apr 2004 / British Airways, Newcastle, UK
IATA Number: 91498363
Endorsements: Pax non ref changes permitted at a fee ba only not endorsable
Fare Details: GBP 1980.00 + Tax/Fee/Charge GBP 151.20 – GBP 2131.20


Your Itinerary Details:


Flight Segment:     Heathrow (London) Terminal 4 To Cape Town
Flight:         BA0059
Cabin:         World Traveller Plus
Booking Status:    Confirmed
Departure:       14 Oct 2004 19:20
Arrival:        15 Oct 2004 08:00
Flight Operated By: British Airways


Flight Segment:     Cape Town To Heathrow (London) Terminal 4
Flight:         BA0058
Cabin:         World Traveller Plus
Booking Status:    Confirmed
Departure:       29 Nov 2004 20:35
Arrival:        30 Nov 2004 06:40
Flight Operated By: British Airways


Baggage allowance is 23 kg per person


The price of your ticket includes a security and insurance surcharge. It is shown in the fare details above. It is levied by British Airways and is not a tax, fee or charge imposed by a Government Authority or third party. Please note that air travel is not subject to VAT therefore we do not issue VAT receipts.If any part of your ticket is refundable, then we will levy a cancellation charge of £25 per person per ticket when you ask for a refund. This cancellation charge does not apply to fully flexible tickets. Service fees (for example if you pay off-line) will not be refunded to you if you cancel your ticket.


1/19/2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED FELICIANO,

        Plaintiff,

v.

GLOBALWARE SOLUTIONS, INC.
TONY RUDSTON, and
GARY LORTIE,

        Defendants.

Civil Action No. 04-12461-GAO

### AFFIDAVIT OF NINA PETERSON

I, Nina Peterson, do hereby state on personal knowledge:

1.     I am currently employed by Defendant GlobalWare Solutions, Inc. ("GlobalWare") as an Executive Assistant at GlobalWare's corporate headquarters, 200 Ward Hill Avenue, Haverhill, MA. I currently reside in Kingston, New Hampshire and I am an appointed Notary Public in the Commonwealth of Massachusetts.

2.     I have read the Affidavit of Paul Campbell submitted in the above-captioned action. Mr. Campbell's statement in paragraph 12 of that affidavit is false. I never told Mr. Campbell that I was authorized to accept service of process for Mr. Tony Rudston. Nor did I say or do anything to imply to Mr. Campbell that I was so authorized. In fact, I have never been authorized by Mr. Rudston to accept service of process on his behalf.

3.     On or about January 12, 2005, I received a phone call from a GlobalWare employee covering for the receptionist informing me that there was someone at the front desk who had a delivery for Mr. Rudston and needed someone to sign for it. As Mr. Rudston was not in the office, I went to the front desk. Jokingly I asked Mr. Campbell whether he was there to "take me away," and stated that if he was that I hoped it was someplace warm.

Mr. Campbell responded by engaging me in conversation concerning his house in Florida and another house that he was having built in Old Orchard Beach, Maine.  I then asked him if he had something for me and he handed me an envelope addressed to Mr. Rudston.  Then he asked my name and wrote it on a piece of paper.  At no time did Mr. Campbell ask me if I was authorized to accept service of process for Mr. Rudston nor did I ever tell him that I was authorized to do so.

Signed under the pains and penalties of perjury this 19th day of January 2005.


_Nina Peterson_

Nina Peterson