UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALFRED FELICIANO, | ) ) ) | Civil Action No. 04-12461GAO |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| GLOBALWARE SOLUTIONS, INC., TONY RUDSTON, and GARY LORTIE | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

## PLAINTIFF'S REPLY TO COUNTERCLAIM

The Plaintiff and Defendant-in-Counterclaim Alfred Feliciano ("Plaintiff") submits this Reply to Defendants and Plaintiffs-in-Counterclaim Globalware Solutions, Inc. and Gary Lortie's (collectively "Defendants"), Counterclaim, and states as follows:

### Nature of Case

The Nature of the Case Section is general and introductory and does not contain allegations which require a response. To the extent any response is required, Plaintiff denies any and all allegations contained therein.

### Parties

1. Admitted.

2. Admitted.

3. Admitted.

### Allegations

1

4. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 4 of the Counterclaim.

5. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 5 of the Counterclaim. Plaintiff admits that James Bartlett was a co-founder of ZBR.

6. Plaintiff admits that at certain times Bartlett was President and CEO of ZBR and Globalware. Plaintiff denies the remaining allegations contained in paragraph 5 of the Counterclaim

7. Plaintiff admits that he was associated with Globalware in several different roles from 1993 through 2003. Because Defendants have never provided Plaintiff with any notice of his termination, he is without sufficient information to deny or admit the remaining allegations contained in paragraph 7 of the Counterclaim. Plaintiff denies that he was without a written contract during parts of his tenure with Globalware.

8. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 8 of the Counterclaim.

9. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 9 of the Counterclaim.

10. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiff is without sufficient information to deny or admit the allegations contained in paragraph 13 of the Counterclaim.

14. Denied.

15. Denied.

16. Denied.

17. Plaintiff denies the first sentence of paragraph 17. Plaintiff is without sufficient information to deny or admit the remaining allegations contained in paragraph 17 of the Counterclaim.

## Count I

18. Plaintiff repeats and incorporate his responses to paragraphs 1 through 17 as if set forth in full herein.

19. Denied.

20. Denied.

21. Denied.

## Count II

22. Plaintiff repeats and incorporate his responses to paragraphs 1 through 21 as if set forth in full herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## Count III

27. Plaintiff repeats and incorporate his responses to paragraphs 1 through 26 as if set forth in full herein.

28. Denied.

29. Denied.

### Count IV

30. Plaintiff repeats and incorporate his responses to paragraphs 1 through 29 as if set forth in full herein.

31. Denied.

32. Denied.

### Count V

33. Plaintiff repeats and incorporate his responses to paragraphs 1 through 32 as if set forth in full herein.

34. Denied.

35. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants' Counterclaim must be dismissed because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants' Counterclaim must be dismissed because their claims are barred by the Doctrine of unclean hands and/or Laches.

### Third Affirmative Defense

Defendants have failed to mitigate their damages, to the extent they suffered any, and

their recovery, if any, should be reduced accordingly.

### Fourth Affirmative Defense

Defendants' claims are barred by the doctrine of fraud.

### Fifth Affirmative Defense

To the extent Defendants have suffered any damages as alleged, such damages were caused by someone or some entity for whose conduct Plaintiff was not and is not legally responsible.

### Sixth Affirmative Defense

Defendants' claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

Defendants' claims are barred because they have failed to include all necessary parties.

### Seventh Affirmative Defense

Plaintiff reserves the right to amend his reply to counterclaim to assert such additional Affirmative Defenses as may become apparent during the continuing course of discovery in this action.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

    A.    Dismiss Defendants' Counterclaims;

    B.    Enter judgment with prejudice in favor of Plaintiff on all counts of Plaintiff's Complaint;

    C.    Award compensatory damages to Plaintiff, as well as attorneys' fees, interest, and costs; and

    D.    Enter such other and further relief as the Court deems just and proper.

JURY DEMAND

Feliciano hereby demands a trial by jury on all issues so triable.

>Respectfully submitted,
>**ALFRED FELICIANO**
>
>By his attorneys,
>
>/s/ Christopher M. Waterman
>Joseph L. Demeo, BBO# 561254
>Christopher M. Waterman, BBO# 641190
>Demeo & Associates, P.C.
>One Lewis Wharf
>Boston, MA 02110
>(617) 263-2600

Dated: March 2, 2005