COMMONWEALTH OF MASSACHUSETTS
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>*Plaintiff,*<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC. TONY RUDSTON and GARY LORTIE,<br><br>*Defendants.*<br><br>and<br><br>GLOBALWARE SOLUTIONS, INC. and GARY LORTIE,<br><br>*Third-Party Plaintiffs,*<br><br>v.<br><br>JAMES R. BARTLETT and SCOTT BERNSTEIN,<br><br>*Third-Party Defendants.* | Civil Action No. 04-12461-GAO |

**THIRD-PARTY DEFENDANT JAMES R. BARTLETT'S ANSWER TO COMPLAINT OF THIRD-PARTY PLAINTIFFS, GLOBALWARE SOLUTIONS, INC. AND GARY LORTIE**

Third-party defendant, James R. Bartlett ("Bartlett"), hereby answers the Third-Party Complaint of the third-party plaintiffs, GlobalWare Solutions, Inc. ("GWS") and Gary Lortie ("Lortie").

    1.    Admitted.

    2.    Admitted.

3. Bartlett denies that he was the Chief Executive Officer of GWS after February 12, 2003 but admits the remaining allegations of paragraph 3 of the Third-Party Complaint.

4. Bartlett denies that Scott Bernstein ("Bernstein") was the Treasurer of GWS after February 13, 2003 but admits the remaining allegation of paragraph 4 of the Third-Party Complaint.

5. Bartlett admits that the plaintiff has filed a complaint against GWS and Lortie. In further answer, Bartlett states that plaintiff's complaint speaks for itself.

6. Denied.

7. Denied.

8. Admitted.

9. Admitted.

10. Bartlett admits that he was President of GWS, that he was the President and Chief Executive Officer of ZBR and that he was a friend of Feliciano. Bartlett denies the remaining allegations of paragraph 10 of the Third-Party Complaint

11. Bartlett admits that at different times, Feliciano worked for GWS as an independent consultant and as an employee, and that at times Feliciano held the title Chief Strategy Officer. Bartlett is without information sufficient to form a belief as to whether Feliciano had a written employment agreement with GWS. Bartlett denies the remaining allegations of paragraph 11 of the Third-Party Complaint.

12. Admitted.

13. Bartlett admits that on or about February 12, 2003, he resigned as GWS's Chief Executive Officer. Bartlett denies that he was GWS's President.

14.   Admitted.

15.   Bartlett admits that as of February 12, 2003, the new executive arrangement team of Anthony Rudston, Lortie and Ian Cameron assumed their corporate offices with GWS and that they, from that date forward, were directly involved in the day-to-day management of GWS. In further answer, Bartlett states that from February 12, 2003, Bradley Jay has been the de facto President of GWS and directly involved in the day-to-day management of GWS. Bartlett denies the remaining allegation of paragraph 15 of the Third-Party Complaint.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Bartlett denies that he fabricated any false affirmation with the plaintiff. Bartlett is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20 of the Third-Party Complaint and therefore denies them.

21.   Bartlett denies that there is, or was, a false affirmation.

22.   In answering the allegations contained in paragraph 22 of the Third-Party Complaint, Bartlett incorporates by reference his answers to paragraphs 1 through 21 above.

23.   Paragraph 23 of the Third-Party Complaint states a proposition of law to which no answer is required.

24.   Denied.

25.   Denied.

26. In answering the allegations contained in paragraph 26 of the Third-Party Complaint, Third-Party Defendants incorporate by reference their answers to paragraphs 1 through 25 above.

27. Paragraph 27 of the Third-Party Complaint states a proposition of law to which no answer is required.

28. Paragraph 28 of the Third-Party Complaint states a proposition of law to which no answer is required.

29. Denied.

30. Denied.

31. In answering the allegations contained in paragraph 31 of the Third-Party Complaint, Bartlett incorporates by reference his answers to paragraphs 1 through 30 above.

32. Denied.

33. Denied.

34. In answering the allegations contained in paragraph 34 of the Third-Party Complaint, Bartlett incorporates by reference his answers to paragraphs 1 through 33 above.

35. Bartlett admits the allegation contained in the first sentence of paragraph 35 of the Third-Party Complaint. Bartlett denies the allegation contained in the second sentence of paragraph 35 of the Third-Party Complaint.

36. Bartlett admits the allegation contained in the first sentence of paragraph 36 of the Third-Party Complaint. Bartlett denies the allegation contained in the second sentence of paragraph 36 of the Third-Party Complaint.

37. Denied.

## AFFIRMATIVE DEFENSES

*First*, the Third-Party Complaint fails to state a claim upon which relief can be granted.

*Second*, the claims asserted in the Third-Party Complaint are barred by the defense of waiver.

*Third*, the claims asserted in the Third-Party Complaint are barred by the defense of release.

*Fourth*, the claims asserted in the Third-Party Complaint are barred by the defense of accord and satisfaction.

*Fifth*, the claims asserted in the Third-Party Complaint are barred by the business judgment rule.

## JURY DEMAND

Bartlett demands trial by jury on all issues and claims so triable.

Respectfully submitted,

Third-Party Defendant,

**JAMES R. BARTLETT,**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on April 15, 2005, I served copies of this Answer as follows:

by first class mail to:

Christopher M. Waterman, Esq.  
Demeo & Associates  
227 Lewis Wharf  
Boston, MA 02110

Mark Burak, Esq.  
Morse, Barnes-Brown & Pendelton, P.C.  
1601 Trapelo Road  
Waltham, MA 02451

by e-mail to:

cwaterman@jdemeo.com

mhb@mbbp.com

_____  
Thomas S. Fitzpatrick

359512v.1