UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
ALFRED FELICIANO, )
) Civil Action No. 04-12461
        Plaintiff, )
)
v. )
)
GLOBALWARE SOLUTIONS, INC., )
GARY LORTIE )
)
        Defendants. )
_____ )
)
GLOBALWARE SOLUTIONS, INC., )
and GARY LORTIE, )
)
        Third Party Plaintiffs )
)
v. )
)
JAMES BARTLETT, )
)
        Third Party Defendant )
_____)

**STIPULATED PROTECTIVE ORDER**

      The parties in this case, pursuant to Fed.. R. Civ. P. 26, hereby stipulate and agree to the terms of this Stipulated Protective Order, as follows:

1. During the course of discovery in this case, the parties may produce and share Confidential Information, which shall be defined as any materials and/or information that (1) constitutes non-public or confidential research, development, trade secret, financial, or commercial information; or (2) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by the general public and is the subject of efforts that are reasonable under the circumstances to maintain its confidentiality.

2. This Stipulation governs the handling of all Confidential Information produced, served, disclosed or filed in this action.

3. All Confidential Information and documents produced, obtained and/or exchanged in the course of this litigation shall be used by the party to whom such documents are produced, obtained and/or exchanged solely for the purpose of this litigation and for no other purpose whatsoever.

4. Any Confidential Information produced and/or exchanged between the parties may be designated as "CONFIDENTIAL" pursuant to the terms of this Stipulation by affixing to each page thereof (or to the face page of pleadings, answers to interrogatories, and other court documents or discovery responses) a stamp with the legend "CONFIDENTIAL" or may, in the alternative, be designated as such by written notice informing counsel that the information or data is to be treated as Confidential Information pursuant to this Stipulation.

5. This Stipulation does not apply to information which prior to disclosure in this litigation was public knowledge, or which, after disclosure, became publicly known other than by an act or omission of the one receiving the information or its agents, consultants or attorneys.

6. If a party believes that information which has been designated as Confidential Information has been improperly designated as such, the party may provide a written objection to the designating party specifying the documents, the information or other things whose designation is objected to, and the nature of the objection. The parties shall then arrange to meet and confer personally or telephonically within five (5) business days after the designating party's receipt of the written objection, or sooner if circumstances

permit. If an agreement cannot be reached regarding the designations objected to, relief may be sought from the Court. Until such time as the Court determines the propriety of the Confidential Information designation, the parties shall continue to treat the documents or information in dispute as Confidential in accordance with the terms of this Stipulation.

7. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Stipulation. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information or data as Confidential Information, except that counsel may, without further agreement, disclose the respective categories of Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

   (a) Attorneys, legal assistants, and other employees of the attorneys (excluding in-house attorneys, and any of their legal assistants or employees) who have a need to handle or have access to the Confidential Information under normal office procedure;
   (b) Subject to the provisions of Paragraph 8 below, independent experts or consultants retained by the parties with respect to this action who first agree in writing to be bound by the terms of this Stipulation;
   (c) Employees of the parties reasonably involved in the prosecution or defense of this action who first agree in writing to be bound by the terms of this Stipulation (any of which may be an in-house attorney for the parties);
   (d) This Court and its staff;
   (e) Any deponent and their counsel, provided that each agrees in writing to be bound by the terms of this Stipulation;
   (f) Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action; and
   (g) Any independent vendors of copy, coding, imaging, or translating services, or vendors to assist in the preparation of demonstrative exhibits or other visual aids for presentation at hearing or trial, provided that such personnel of non-party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

8. The parties may disclose Confidential Information to their independent experts or consultants retained for the purposes of assisting in the preparation for trial and/or in the

trial of this action, provided that such experts and consultants first agree in writing to be bound by the terms of this Stipulation.

9. Each person referred to in subparagraphs 7(b) or 7(c) above, who is to be shown or given access to Confidential Information, or information derived therefrom, shall sign an undertaking agreeing to be bound by the terms of this Stipulation, before seeing or receiving access to such information, stating that he or she has read a copy of this Stipulation and agrees to be bound by its provisions. Upon the conclusion of the case (e.g., settlement, final judicial disposition, etc.), signed undertakings shall be forwarded by counsel for the party who provides such data to such person to the other party's counsel upon written request.

10. The disclosing party shall have the right to require attendees at depositions- to agree to the terms of this Stipulation before such time as its Confidential Information is to be disclosed.  Either party may also designate all or a portion of a deposition as Confidential Information by notifying the other party in writing within thirty (30) days of receipt of the transcript of the portions that are designated as "CONFIDENTIAL." All depositions and transcripts thereof shall be treated as "CONFIDENTIAL" during this thirty (30) day period. Where appropriate, the originals of deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL".

11. With respect to documents designated as containing Confidential Information, any person indicated on the face of the document to be its originator, author, or recipient of a copy thereof, may be shown the same.

12. Each and every recipient of any Confidential Information that is provided pursuant to this Stipulation shall maintain the same in a secure and safe area, and the recipient shall

exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of all such Confidential Information as is exercised by a reasonably prudent person in like circumstances. No confidential documents of one party may be stored on the premises of the receiving party (i.e., the documents must be stored in counsels', outside experts' and/or consultants' facilities).

13. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Stipulation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action. In no event shall Confidential Information be used for any competitive purpose. The use of Confidential Information at depositions shall not be deemed a waiver of the terms of this Stipulation, and the parties and their attorneys shall be required to comply with the terms hereof. At least ten (10) days prior to trial, the attorneys for each of the parties shall confer with each other as to whether it will be necessary to use Confidential Information at trial and, if so, shall in good faith attempt to agree upon a suitable method to retain the confidential nature of such materials at trial. In the event the parties are unable to reach an agreement upon a satisfactory method to protect Confidential Information at trial, any party seeking to protect Confidential Information at trial shall file a motion with the Court within five (5) days prior to the scheduled trial date and/or within the period of time which may otherwise be prescribed by the Court.

14. Producing or receiving materials or otherwise complying with the terms of this Stipulation shall not:

   a.   operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or
   b.   prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected

       from or limited in discovery on the basis of privilege or otherwise; or prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

15. The restrictions set forth in this Stipulation shall not be construed:

    a.  to preclude any party or its attorneys of record from making lawful use of information that was lawfully in their possession without restrictions prior to the receipt of information under this Protective Order; or
    b.  to apply to information lawfully obtained by a party from any non-party to this action having the right to disclose such information; or
    c.  to apply to information that has been or becomes part of the public domain through no fault of a party hereto; or
    d.  to apply to information independently developed by a party, without reliance on any Confidential Information disclosed or obtained during this litigation.

16. Any party may at any time, on reasonable notice and after making a good faith effort to resolve the issue with the other party, move for relief from the provisions of this Stipulation. No one is obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so does not preclude a subsequent challenge. If a party challenges, it shall give notice to the other parties, and they shall attempt expeditiously to resolve any challenge in good faith. If the challenge cannot be resolved, the challenging party may apply for a ruling from the Court. The information in issue is protected by this Stipulation until the Court orders otherwise.

17. The inadvertent production in discovery of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, provided that the producing party shall notify the receiving party in writing when inadvertent

6

production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party, and the receiving party and counsel shall not use such information for any purpose. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be destroyed.

18. The confidentiality provisions of this Stipulation shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms hereof. At the conclusion of this litigation, including any appeals that may be filed, upon written request made by the producing party, the following steps shall be taken:

    a.  Within a reasonable time, counsel for each party which has received Confidential Information shall either assemble and return to the disclosing party such information or shall certify to the disclosing party that such information has been destroyed; provided, however, that if any such information has been incorporated into trial attorney work product materials, those materials may be retained by the trial attorney but shall continue to be treated as Confidential Information; and further provided that counsel may retain one (1) copy of any brief or memorandum containing such information that was filed with the Court, but shall continue to treat it as Confidential Information.
    b.  Within a reasonable time, counsel for each party that has received Confidential Information shall furnish to the disclosing party copies of the certificates referred to in subpart (a) of this paragraph.

19. If the producing party through inadvertence produces any Confidential Information without labeling or otherwise designating it as such in accordance with the provisions of this Stipulation, the producing party may give written notice to the receiving party that the document or information produced is deemed "CONFIDENTIAL" and should be treated as such in accordance with the provisions hereof. The receiving party must treat

such documents and information with the noticed level of protection from the date such notice is received. Disclosure of the documents or information to unauthorized persons prior to the receipt of such notice shall not be a violation of this Stipulation. However, the receiving party must make every effort to retrieve any materials disclosed to unauthorized persons upon receipt of such notice.

20. Any non-party who produced documents or information in connection with this litigation may obtain the protection provided by this Protective Order by designating the documents or information in accordance with the terms of this Protective Order and by acknowledging in writing to be bound by its terms.

21. Any party may at any time and for any reason seek modification of this Stipulation. This Stipulation can be modified only by written agreement of the parties, or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify the terms hereof.

Respectfully submitted,

| Defendants, | Plaintiff, |
|---|---|
| **GLOBALWARE SOLUTIONS, INC., and GARY LORTIE** | **ALFRED FELICIANO** |
| By their attorneys, | By his attorneys, |
| /s/ Mark Burak | /s/ Christopher M. Waterman |
| Mark H. Burak, BBO# 558805 | Joseph L. Demeo, BBO# 561254 |
| Sandra E. Kahn, BBO# 564510 | Christopher M. Waterman, BBO# 641190 |
| Scott J. Connolly, BBO# 651007 | Demeo & Associates, P.C. |
| Morse, Barnes-Brown & Pendleton, P.C. | One Lewis Wharf |
| 1601 Trapelo Road | Boston, MA 02110 |
| Waltham, MA 02451 | (617) 263-2600 |
| (781)622-5930 | |

Third Party Defendant

JAMES BARTLETT

By His Attorney

/s/ Thomas Fitzpatrick
Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

Dated:  February 16, 2006