UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>           Plaintiff,<br><br>   v.<br><br>GLOBALWARE SOLUTIONS, INC. and<br>GARY LORTIE,<br><br>           Defendants.<br><br>   and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>           Third-Party Plaintiffs,<br><br>   v.<br><br>JAMES R. BARTLETT,<br><br>           Third-Party Defendant. | Civil Action No. 04-12461-GAO |

## JOINT MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)

The Plaintiff, Alfred Feliciano ("Feliciano"), and the Defendants and Third-Party Plaintiffs, GlobalWare Solutions, Inc. ("GWS") and Gary Lortie ("Lortie"), (collectively, the "Moving Parties") in the above-captioned matter, through their counsel, hereby jointly move pursuant to Fed. R. Civ. P. 41(a)(2) for an Order dismissing the claims and counterclaims of the Moving Parties against one another, and the claims of Third-Party Plaintiff Lortie against Third-Party Defendant Bartlett as detailed below.  (As described below, Third-Party Plaintiff GWS

shall file a timely motion to re-open its third-party claims against Third-Party Defendant Bartlett.)  As grounds for this Motion, the Moving Parties state as follows:

1. This action was filed on November 22, 2004 by Feliciano against Defendants GWS and Lortie.

2. GWS and Lortie filed counterclaims against Feliciano and filed third-party claims against Third-Party Defendant Bartlett.

3. The parties engaged in significant discovery and depositions.

4. Near the close of discovery, Plaintiff Feliciano and Defendants GWS and Lortie agreed to seek to resolve the matter through mediation.  Third Party Defendant Bartlett was aware of the mediation but chose not to participate.

5. The mediation was successful and the Plaintiff and Defendants have consummated their settlement.  As such, the Plaintiff and Defendants have sought to file a voluntary stipulation of dismissal under Fed. R. Civ. P. 42(a)(1) dismissing Plaintiff's complaint and Defendants' counterclaims with prejudice and without costs or attorneys' fees, and waiving all rights of appeal.  In addition, Third-Party Defendant Lortie desires to voluntarily dismiss his third-party claims against Third-Party Defendant Bartlett.

6. However, as GWS's third party claims against Bartlett have not been resolved (and other litigation in other fora continues between GlobalWare Solutions and Bartlett), GlobalWare has asked that all parties agree that the stipulation to dismiss the complaint, counterclaims and Lortie's third party claims shall not have the effect of a former adjudication, including without limitation the effect of *res judicata*, claim preclusion, issue preclusion, or estoppel, with respect to the Third-Party Claims asserted by Third-Party Plaintiff GWS against

Third-Party Defendant Bartlett in this action or GWS's claims against Bartlett in any other action.[1]

7.  Plaintiff is willing to enter into such a stipulation as described above. However, Third Party Defendant Bartlett has refused to stipulate to the dismissal of the Plaintiff and Defendants' claims on these terms (which terms are set forth in the attached Exhibit A, the proposed stipulation of dismissal).

8.  As GWS and Bartlett have been unable to reach agreement on the terms of a voluntary stipulation, Plaintiff and Defendant move that the Court enter the following Order:

- dismissing the complaint and counterclaims with prejudice and without costs or attorneys' fees to either parties, with the parties having waived all rights of appeal;

- dismissing the third party claims of Lortie <u>only</u> against Bartlett without prejudice; and

- ordering that the dismissals of the complaint, counterclaim and Lortie's third-party claims shall have no preclusive effect on GWS's claims against Bartlett in this or any other forum.

9.  The Moving Parties submit that their motion should be granted because it will eliminate resolved claims from the Court's docket and will not prejudice any party. To the contrary, the stipulation will finally resolve litigation between Plaintiff and Defendants that has been pending for several years and will preserve claims that have not been resolved.

---

[1] GWS shall file a motion to re-open this matter with respect to its third-party claims against Bartlett. GWS believes that Bartlett is primarily responsible for Feliciano's claims, and GWS has pled in its third-party Complaint causes of action to recover from Bartlett.

WHEREFORE, for the reasons stated herein, the Moving Parties respectfully request that the Court grant this Motion and dismiss the claims and counterclaims of the Moving Parties against one another, and the claims of Third-Party Plaintiff Lortie against Third-Party Defendant Bartlett on the basis described herein.

Respectfully submitted,

| | |
|---|---|
| ALFRED FELICIANO | GLOBALWARE SOLUTIONS, INC. and GARY LORTIE |
| By his attorneys, | By their attorneys, |
| /s/ Christopher M. Waterman<br>Joseph L. Demeo, BBO # 561254<br>Christopher M. Waterman, BBO #641190<br>Demeo & Associates, P.C.<br>One Lewis Wharf<br>Boston, MA 02110<br>(617) 263-2600 | /s/ Scott J. Connolly<br>Mark H. Burak, BBO # 558805<br>Sandra E. Kahn, BBO # 564510<br>Scott J. Connolly, BBO # 651007<br>MORSE, BARNES-BROWN<br>& PENDLETON, P.C.<br>Reservoir Place<br>1601 Trapelo Road<br>Waltham, MA 02451<br>(781) 622-5930 |

Dated: December 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 13, 2006.

/s/ Scott J. Connolly
Scott J. Connolly

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>              Plaintiff,<br><br>  v.<br><br>GLOBALWARE SOLUTIONS, INC.<br>TONY RUDSTON, and<br>GARY LORTIE,<br><br>              Defendants.<br><br>  and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>              Third-Party Plaintiffs,<br><br>  v.<br><br>JAMES R. BARTLETT,<br><br>              Third-Party Defendant. | Civil Action No. 04-12461-GAO |

**STIPULATION OF DISMISSAL**

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties, by their authorized undersigned representatives, hereby stipulate and agree: (i) that the Complaint of the Plaintiff and all Claims and Counterclaims of the Plaintiff and Defendants against each other in the above-captioned action; and (ii) the Third-Party Claims of Third-Party Plaintiff Gary Lortie against Third-Party Defendant James R. Bartlett; shall be, and hereby are, dismissed with

- 5 -

prejudice and without costs or attorneys' fees, and waiving all rights of appeal. Further, the parties stipulate and agree that nothing herein shall foreclose or have the effect of a former adjudication, including without limitation the effect of *res judicata*, claim preclusion, issue preclusion, or estoppel, with respect to the Third-Party Claims asserted by the Third-Party Plaintiff GlobalWare Solutions, Inc. against Third-Party Defendant James Bartlett in the above-captioned action or GlobalWare Solutions, Inc.'s claims against James R. Bartlett in any other action.

Respectfully submitted,

| ALFRED FELICIANO | GLOBALWARE SOLUTIONS, INC. and GARY LORTIE |
|---|---|
| By his attorneys, | By their attorneys, |
| _____ | _____ |
| Joseph L. Demeo, BBO # 561254 | Mark H. Burak, BBO # 558805 |
| Christopher M. Waterman, BBO #641190 | Sandra E. Kahn, BBO # 564510 |
| Demeo & Associates, P.C. | Scott J. Connolly, BBO # 651007 |
| One Lewis Wharf | MORSE, BARNES-BROWN |
| Boston, MA 02110 | & PENDLETON, P.C. |
| (617) 263-2600 | Reservoir Place |
|  | 1601 Trapelo Road |
|  | Waltham, MA 02451 |
|  | (781) 622-5930 |

JAMES R. BARTLETT

By his attorneys,

_____
Thomas S. Fitzpatrick, BBO # 556453
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500