UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC. and<br>GARY LORTIE,<br><br>    Defendants.<br><br>and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>JAMES R. BARTLETT,<br><br>    Third-Party Defendant. | Civil Action No. 04-12461-GAO |

## THIRD-PARTY DEFENDANT'S LIMITED OPPOSITION TO THE JOINT MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)

The Third-Party Defendant James R. Bartlett ("Bartlett") respectfully submits this limited opposition to the Joint Motion To Dismiss Pursuant To Rule 41(a)(2) (Document No. 30) filed by Plaintiff Alfred Feliciano ("Feliciano") and Defendants and Third-Party Plaintiffs GlobalWare Solutions, Inc. ("GWS") and Gary Lortie ("Lortie").

    1.    After Feliciano filed this action, GWS and Lortie filed counterclaims against Feliciano and filed third-party claims against Third-Party Defendant Bartlett.

2.  Counsel for Feliciano and for Defendants GWS and Lortie have advised counsel for Third Party Defendant Bartlett that they have reached and consummated a settlement of all claims between them. Neither Bartlett nor his counsel has been informed of the terms of the other parties' settlement. The settlement leaves unresolved the third party claims of GWS and Lortie against Bartlett.

3.  In the Motion To Dismiss submitted by the Plaintiff and the Defendants, Defendant Lortie seeks to voluntarily dismiss the third-party claims against Bartlett *without prejudice*. Third-Party Defendant Bartlett is opposed to the terms of this dismissal for the reasons stated below.

4.  It is well established that the "Court's decision to grant [a] Motion for Voluntary Dismissal Without Prejudice is committed to the discretion of the Court." *Holbrook v. Anderson Corporation*, 130 F.R.D. 516, 519 (D. Me. 1990). Although the "basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval to voluntarily dismiss an action" this must be done in a manner ensuring that "no other party will be prejudiced." *Id.* The factors that the courts generally considers in determining whether a party will be prejudiced include " the expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in the prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that the motion is made at a critical juncture in …the case." *Id.*; *see also Guptill v. Martin*, 228 F.R.D. 62, 65 (D. Me. 2005).

5.  Third-Party Defendant Bartlett submits that, to allow Lortie's voluntary dismissal *without prejudice* would "unfairly jeopardize the [third-party defendant's] interest." *Holbrook v. Anderson Corporation*, 130 F. R. D. at 519. The substantial discovery in this case has been

completed and all three individual parties have been deposed. Moreover, Bartlett has already expended extensive legal fees in preparing his defense to the third-party claims. Accordingly, dismissal without prejudice at this juncture would significantly prejudice Bartlett. *See id.* (where court denied plaintiff's motion for voluntary dismissal without prejudice in significant part because defendant had already answered plaintiff's complaint, conducted significant discovery and incurred extensive legal fees). Furthermore, in his request to voluntarily dismiss without prejudice, Lortie fails to adequately explain why dismissal of his third-party claims against Bartlett without prejudice is necessary. *See Guptill v. Martin*, 228 F.R.D. at 65. As such, voluntary dismissal without prejudice is not proper. Bartlett does not oppose dismissal of Lortie's third-party claims with prejudice.

6. Bartlett further opposes the request by the Plaintiff and the Defendants that the Court order that the dismissal of the complaint and counterclaims, with prejudice, "shall have no preclusive effect of GWS's claims against Bartlett in this or any other forum."

7. The Plaintiff and the Defendants cite no case law suggesting that such a court order is appropriate. A "voluntary dismissal with prejudice is the equivalent of a 'final judgment on the merits'" and thus can have preclusive effect. *Wilj International Limited v. Biochem Immonusystems, Inc.*, 4 F. Supp.2d 1, 11-12 (D. Mass. 1998); *see also Dillard v. Security Pacific Brokers, Inc*, 835 F.2d 607, 608 (5th Cir. 1988)("While a voluntary dismissal without prejudice has no *res judicata* effect…a dismissal with prejudice…ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action"); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 (E.D.N.C. 1996)(" a voluntary dismissal with prejudice acts as an adjudication on the merits with full preclusive effect."). Thus, the voluntary dismissal with

prejudice agreed to by the Plaintiff and Defendants will have (at least potentially) a preclusive effect. Therefore, Plaintiff and Defendants' request to the Court seeking an order that there be no preclusive effect as to the voluntary dismissal with prejudice of the plaintiff's Complaint, and defendants' Counterclaim, is improper, unfair to Bartlett and unjustified.

WHEREFORE, for the reasons stated herein, Third-Party Defendant Bartlett respectfully requests that the Court (1) deny Defendant Lortie's motion for a voluntary dismissal *without prejudice* of his claims against Bartlett, and (2) deny Plaintiff and Defendants' request that the dismissal of the claims between them with prejudice include an order of this Court that that dismissal shall "not have a preclusive effect on GWS's claims against Bartlett in this or any other forum."

Respectfully submitted,

Third-Party Defendant,

JAMES R. BARTLETT

By his attorneys,

/s/ Thomas S. Fitzpatrick
Thomas S. Fitzpatrick, BBO # 556453
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

Dated: December 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 19, 2006.

/s/ Thomas S. Fitzpatrick
Thomas S. Fitzpatrick

426943v.1