UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO, <br><br>                Plaintiff, <br><br>  v. <br><br>GLOBALWARE SOLUTIONS, INC. and <br>GARY LORTIE, <br><br>                Defendants. <br><br>  and <br><br>GLOBALWARE SOLUTIONS, INC., <br>and GARY LORTIE, <br><br>                Third-Party Plaintiffs, <br><br>  v. <br><br>JAMES R. BARTLETT, <br><br>                Third-Party Defendant. | Civil Action No. 04-12461-GAO |

## **MOTION FOR LEAVE TO FILE REPLY MEMORANDUM**

Defendants and Third-Party Plaintiffs, GlobalWare Solutions, Inc. and Gary Lortie, in the above-captioned matter, through their counsel, hereby move this Court pursuant to Local Rule 7.1(b)(3) for leave to file a brief reply memorandum to the Third-Party Defendant's Limited Opposition to the Joint Motion to Dismiss (Document No. 31).  The reply memorandum is necessary to clarify several points raised by the Third-Party Defendant is his Opposition.

Specifically, Third Party Defendant Bartlett's "limited" opposition is simply a clever effort by Bartlett to gain procedural advantage in this and other litigation.  Evidently, Bartlett

seeks to use the settlement between GWS, Lortie and Feliciano as a shield in the third party claims against him in this matter and potentially as a sword against GWS's claims in other litigation. Bartlett apparently hopes to confuse the Court into dismissing Feliciano's claims and GWS's and Lortie's counterclaims with prejudice but without the protective language requested by GWS, Lortie and Feliciano, so he can argue that the dismissals should have a *res judicata* effect as to the third party claims and other claims against him in other matters.

Bartlett seeks to gain this procedural advantage by inappropriately conflating the "prejudicial effect" a voluntary dismissal with prejudice should have in a more typical situation. No one disputes that such a dismissal should have a prejudicial effect as to Feliciano, GWS and Lortie—the parties to those claims that have been settled. However, Bartlett apparently seeks to have these dismissals result in a prejudicial effect as to the claims pending against *him*—this hidden purpose is improper and should not be allowed. However, if the Court is not inclined to grant the Joint Motion in full (including the request that the Court order that such dismissal shall not have preclusive effect on GWS's claims against Bartlett in this or another forum), then GWS and Lortie would ask that the Court dismiss Feliciano's claims and the counterclaims against Feliciano *without prejudice.*

Bartlett takes a similar tack in arguing that Lortie's claims against him should be dismissed with prejudice—again in a transparent effort to gain similar and other procedural advantages. Indeed, although Bartlett fails to inform the Court about his purpose, Bartlett—as he has in other litigation—likely would seek to use a dismissal with prejudice (even one in which there was no actual adjudication on the merits) to claim that GWS must indemnify him for his

attorney's fees under Delaware corporate law.  For this reason alone the Court should reject Bartlett's suggestion that Lortie's claims be dismissed only with prejudice.

Moreover, Bartlett has not and cannot demonstrate why dismissal of Lortie's claims without prejudice would have any detrimental effect on him.  The "substantial discovery" involved in the matter has largely been conducted by GWS and, given that GWS's claims against Bartlett will proceed (something that Bartlett acknowledges and even assented to), there is simply no prejudice to Bartlett in dismissing Lortie's claims without prejudice.  The claims against Lortie—which were brought by Feliciano—have been settled and Lortie no longer has any reason to proceed with further litigation.  If the Court were inclined to agree with Bartlett and only dismiss Lortie's claims with prejudice, then Lortie would withdraw his request for dismissal would proceed with his third party claims against Bartlett.

These points would be expanded upon in the reply brief that GWS and Lortie wish to submit, with the Court's approval.

WHEREFORE, GWS and LORTIE respectfully request that the Court grant them leave to file a reply brief and such other relief as the Court deems just and proper.

    Respectfully submitted,

    GLOBALWARE SOLUTIONS, INC. and
    GARY LORTIE

    By their attorneys,

    /s/ Mark H. Burak
    Mark H. Burak, BBO # 558805
    Sandra E. Kahn, BBO # 564510
    Scott J. Connolly, BBO # 651007
    MORSE, BARNES-BROWN
    & PENDLETON, P.C.

>Reservoir Place
>1601 Trapelo Road
>Waltham, MA 02451
>(781) 622-5930

Dated: December 22, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2006.

>/s/ Mark H. Burak
>Mark H. Burak