UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>    Plaintiff,<br><br> v.<br><br>GLOBALWARE SOLUTIONS, INC. and<br>GARY LORTIE,<br><br>    Defendants.<br><br> and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>    Third-Party Plaintiffs,<br><br> v.<br><br>JAMES R. BARTLETT,<br><br>    Third-Party Defendant. | Civil Action No. 04-12461-GAO |

**REPLY MEMORANDUM (Leave to File Granted on December 27, 2006)**

  Defendants and Third-Party Plaintiffs, GlobalWare Solutions, Inc. ("GWS") and Gary Lortie ("Lortie"), in the above-captioned matter, through their counsel, submit this reply memorandum to the Third-Party Defendant Bartlett's Limited Opposition to the Joint Motion to Dismiss (Document No. 31). This reply memorandum is necessary to clarify several points raised by the Third-Party Defendant is his Opposition.

**Introduction**

Third Party Defendant Bartlett's "limited" opposition is simply a clever effort by Bartlett to gain procedural advantage in this and other pending litigation between Bartlett and GWS. Evidently, Bartlett seeks to use the settlement between GWS, Lortie and Feliciano as a shield in the third party claims against him in this matter and potentially as a sword against GWS's claims in other litigation. Bartlett apparently hopes to confuse the Court into dismissing Feliciano's claims and GWS's and Lortie's counterclaims with prejudice but without the protective language requested by GWS, Lortie and Feliciano, so he can argue that the dismissals should have a *res judicata* effect as to the third party claims in this matter and other claims against him in other matters. Similarly, Bartlett seeks to have Lortie's third-party claims against him dismissed with prejudice—which Lortie is unwilling to do—in a transparent effort to gain undisclosed procedural advantage.

**I.     Bartlett Seeks to Take Improper Advantage of the Voluntary Settlement Between GWS and Feliciano.**

Bartlett seeks to gain a procedural advantage by inappropriately conflating the "prejudicial effect" a voluntary dismissal with prejudice should have here—a case with third party claims—with a more typical situation involving only a plaintiff and defendant. No one disputes that dismissal with prejudice should have a prejudicial effect as to Feliciano, GWS and Lortie—the parties to those claims that have been settled. However, Bartlett apparently seeks to have such dismissals result in a prejudicial effect as to the claims pending against *him*—this hidden purpose is improper and should not be allowed. To the contrary, the intent of Feliciano, GWS and Lortie concerning the prejudicial effect of their settlement and voluntary dismissal should be given effect. See, e.g., Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d

1285 (11th Cir. 2004) (a settlement agreement entered into in the context of a voluntary dismissal with prejudice should be interpreted according to its express terms, rather than according to traditional principles of *res judicata*, in determining its preclusive effect); *Wright & Miller*, 18A Fed. Prac. & Proc. Civ.2d § 4443 ("Consent judgments entered upon settlement by the parties may assume forms that range from simple orders of dismissal with or without prejudice to detailed decrees . . . . The basically contractual nature of consent judgments has led to general agreement that *preclusive effects should be measured by the intent of the parties* . . . . There is no preclusion at all if the parties do not intend to preclude later litigation . . . preclusion also should be denied if the parties have found it desirable to settle on terms that finally dispose of one part of a claim but that expressly leave another part open for further litigation. ) (collecting cases) (emphasis supplied).

 Bartlett incorrectly asserts that there is no support in the law for the relief requested in the Joint Motion (that the Court order that the voluntary dismissal by Feliciano, GWS and Lortie of their claims against each other shall not have preclusive effect on GWS's claims against Bartlett in this or another forum). However, it is well-settled that Courts are authorized to give effect to the intent of parties' settlement agreement and to require such terms and conditions in an order of dismissal. *See Wright & Miller*, 9 Fed. Prac. & Proc. Civ.2d § 2366 (under Rule 41(a)(2), "the plaintiff may move for dismissal on conditions stated in the plaintiff's motion" and the Court may "require such terms and conditions as the court deems proper") (collecting cases). Moreover, in multi-party litigation such involvement by the Court in overseeing partial dismissals before trial is necessary for the protection of parties who will proceed with their

claims to trial.  See id.  ("if one of several plaintiffs moves for dismissal, conditions may be imposed for the protection of the remaining plaintiffs . . . .")

## II.     Bartlett Will Suffer No Prejudice If Lortie's Claims Are Dismissed Without Prejudice.

Bartlett takes a similar tack in arguing that Lortie's claims against him should be dismissed with prejudice—again in a transparent effort to gain similar and other procedural advantages.  Indeed, Bartlett likely would seek to use a dismissal *with prejudice* (even one in which there was no actual adjudication on the merits) to claim that GWS must indemnify him for his attorney's fees under Delaware corporate law—as he has in other litigation.  For this reason alone the Court should reject Bartlett's suggestion that Lortie's claims be dismissed only with prejudice.

Moreover, Bartlett has not and cannot demonstrate why dismissal of Lortie's claims without prejudice would have any detrimental effect on him.  As Bartlett acknowledges, GWS's third party claims against him will proceed.  The discovery conducted by Bartlett and GWS with respect to the third party claims remains relevant and useful given that GWS is proceeding with the third party claims.  As such, Bartlett's claim of prejudice is without substance.  See Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46 (1st Cir. 1981) (affirming dismissal of suit without prejudice upon plaintiff's motion since the allegedly lengthy and costly discovery involved remained relevant to litigation that remained pending between the parties).

Furthermore, there is simply no reason to reject Lortie's request to dismiss his claims against Bartlett without prejudice.  Feliciano's claims against Lortie have been settled.  As such, Lortie no longer has any reason to proceed with further litigation and he should not be required to remain a party.  Lortie, however, will not dismiss his claims against Bartlett *with prejudice.*

Lortie is well aware that if he were to do so, Bartlett likely would seek to recover attorneys' fees and/or an assessment of costs from GWS.  As such, if the Court were inclined to agree with Bartlett and only dismiss Lortie's claims with prejudice, then Lortie would withdraw his request for dismissal and would proceed with his third party claims against Bartlett.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the Joint Motion to Dismiss (Document No. 30), GWS and LORTIE respectfully request that the Court grant the Joint Motion to Dismiss in its entirety.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for GWS and Lortie hereby certify, pursuant to Local Rule 7.1(a)(2), that they have conferred in good faith with counsel for Feliciano and Bartlett to resolve or narrow the issues presented herein and in the Joint Motion to Dismiss (Document No. 30).

Respectfully submitted,

GLOBALWARE SOLUTIONS, INC. and
GARY LORTIE

By their attorneys,

/s/ Mark H. Burak
Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN
& PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

Dated:  December 29, 2006

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 29, 2006.

            /s/ Mark H. Burak
            Mark H. Burak