UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>    Plaintiff,<br><br> v.<br><br>GLOBALWARE SOLUTIONS, INC. and<br>GARY LORTIE,<br><br>    Defendants.<br><br> and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>    Third-Party Plaintiffs,<br><br> v.<br><br>JAMES R. BARTLETT,<br><br>    Third-Party Defendant. | Civil Action No. 04-12461-GAO |

## **MOTION TO DISMISS THIRD PARTY CLAIMS**

The Plaintiff, Alfred Feliciano, and the Defendants/Third-Party Plaintiffs GlobalWare Solutions, Inc. ("GWS") and Gary Lortie ("Lortie") have settled all of the claims among them. The only claims in the above-captioned matter that have not been settled are the third-party claims over which the Federal Court has no independent jurisdiction.  GWS hereby moves pursuant to 28 U.S.C. §1367(c)(3) and Fed. R. Civ. P. 41(a)(2) to dismiss its third-party claims against Third-Party Defendant James R. Bartlett ("Bartlett") without prejudice so that those claims can be pursued along with similar state law claims—arising out of the same facts and

circumstances—by GWS against Bartlett in litigation now pending in Essex County Superior Court. As further grounds for this Motion, GWS states as follows:

1. GWS's third-party claims against Bartlett are the only claims remaining here that are likely to be litigated because GWS, Lortie and Feliciano have resolved by settlement all disputes among them, including Feliciano's COBRA claim -- the only basis for federal question jurisdiction in this case.

2. GWS and Bartlett are both citizens of Massachusetts. Thus, no diversity jurisdiction exists for GWS's third-party claims.

3. Still pending decision by the Court is Feliciano's, GWS's and Lortie's Joint Motion to Dismiss all claims among those parties and Lortie's third-party claims. Should the Court grant the Joint Motion to Dismiss, the only parties remaining in this action will be GWS and Bartlett, and the only claims remaining will be GWS's third-party claims against Bartlett, which are based on state law. Specifically, GWS alleges as claims against Bartlett: breach of the duty of loyalty; breach of fiduciary duty; indemnification; and contribution.

4. Bartlett is the Plaintiff and GWS is a Defendant in a case now pending in Essex County Superior Court, denominated as <u>James R. Bartlett</u> v. <u>GlobalWare Solutions, Inc.</u>, Civil Action No. 03-01411-C (the "Essex County Action"). In the Essex County Action, GWS has raised counterclaims against Bartlett arising from GWS's discovery of Bartlett's gross mismanagement of GWS, including Bartlett's improper use of corporate resources for his own personal benefit and that of his family and friends. These counterclaims also raised similar claims for breach of the duty of loyalty and breach of fiduciary duty. Moreover, GWS's allegations in the Essex County Action include, but are not limited to, the conduct alleged in this

case; specifically entering into alleged "sweetheart" employment arrangements with friends and business cronies. Thus, GWS's counterclaims against Bartlett in the Essex County Action arise from the same transaction and share common questions of fact and law with GWS's third-party claims in this case.

5. Dismissal of GWS's third-party claims without prejudice so that they may be pursued in the Essex County Action will result in all state law claims between GWS and Bartlett being adjudicated in the same forum and at the same time. This makes abundant sense for reasons of efficiency and judicial economy, and Bartlett will in no way be prejudiced by such dismissal without prejudice. The Essex County Action and this case generally are at the same stage: discovery has been completed and is closed and the cases are on track moving toward trial. Moreover, Bartlett has been represented by the same counsel in both this case and the Essex County Action. Thus, this Court should decline to exercise supplemental jurisdiction over the state law claims by GWS against Bartlett and dismiss those claims without prejudice so that they may be pursued in the Essex County Action. See 28 U.S.C. 1367(c)(3); see also Cardillo v. Cardillo, 360 F. Supp. 2d 402, 412 (D.R.I. 2005) (remanding state law claims where claims over which Court had original jurisdiction had been dismissed).

WHEREFORE, for the reasons stated herein, GWS respectfully requests that the Court grant this Motion and dismiss GWS's third-party claims against Bartlett without prejudice so that they may be pursued in the Essex County Action.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

    Counsel for GWS hereby certifies, pursuant to Local Rule 7.1(a)(2), that they have conferred in good faith with counsel for Feliciano and Bartlett to resolve or narrow the issues presented herein.

                                        Respectfully submitted,

                                        GLOBALWARE SOLUTIONS, INC. and
                                        GARY LORTIE

                                        By their attorneys,

                                        /s/ Mark H. Burak
                                        Mark H. Burak, BBO # 558805
                                        Sandra E. Kahn, BBO # 564510
                                        Scott J. Connolly, BBO # 651007
                                        MORSE, BARNES-BROWN
                                        & PENDLETON, P.C.
                                        Reservoir Place
                                        1601 Trapelo Road
                                        Waltham, MA 02451
                                        (781) 622-5930

Dated: February 9, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 9, 2007.

                                        /s/ Mark H. Burak
                                        Mark H. Burak