UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED FELICIANO,<br><br>        Plaintiff,<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC. and<br>GARY LORTIE,<br><br>        Defendants.<br><br>and<br><br>GLOBALWARE SOLUTIONS, INC.,<br>and GARY LORTIE,<br><br>        Third-Party Plaintiffs,<br><br>v.<br><br>JAMES R. BARTLETT,<br><br>        Third-Party Defendant. | Civil Action No. 04-12461-GAO |

## THIRD-PARTY DEFENDANT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THIRD PARTY CLAIMS

The Third-Party Defendant James R. Bartlett ("Bartlett") respectfully submits this opposition to Defendant GlobalWare Solutions, Inc.'s ("GWS") Motion To Dismiss Third Party Claims (Document No. 34).

Defendant's motion to dismiss is brought pursuant to 28 U.S.C. §1367(c)(3) and Fed. R. Civ. P. 41(a)(2) and seeks a dismissal *without prejudice* as to its third-party claims against Bartlett. Third-Party Defendant Bartlett respectfully asks the Court to deny GWS's Motion To Dismiss or condition its allowance on a requirement that the dismissal be with prejudice.

As grounds for his opposition to the Motion, Bartlett states as follows:

1. After Alfred Feliciano ("Feliciano") filed this action, defendants GWS and Gary Lortie ("Lortie") filed counterclaims against Feliciano and filed third-party claims against Third-Party Defendant Bartlett.

2. Counsel for Feliciano and for Defendants, GWS and Lortie, have advised counsel for Third Party Defendant Bartlett that they have reached and consummated a settlement between them. The settlement left unresolved the third party claims by GWS and Lortie against Bartlett.

3. In the instant Motion To Dismiss by GWS, GWS seeks to dismiss the third-party claims against Bartlett *without prejudice*. GWS also express its purported intent to, upon dismissal without prejudice of the third party claims, to seek to join its state claims against Bartlett with an ongoing litigation pending in Essex County Superior Court, denominated as *James R. Bartlett v. GlobalWare Solutions, Inc.*, Civil Action No. 03-01411-C. Bartlett is opposed to dismissal *without prejudice* of GWS's third-party claim against him in this action.

4. It is well established, and the parties are in agreement, that the "Court's decision to grant [a] Motion for Voluntary Dismissal Without Prejudice is committed to the discretion of the Court." *Holbrook v. Anderson Corporation*, 130 F.R.D. 516, 519 (1st Cir. 1990). Although the "basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval to voluntarily dismiss an action" this must be done in a manner ensuring that "no other party will be prejudiced." *Id.* The factors that the First Circuit instructs are pertinent to the decision whether a party will be prejudiced by a voluntary dismissal without prejudice include "the expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in the prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that

2

the motion is made at a critical juncture in …the case." *Id.*; *see also Guptill v. Martin*, 228 F.R.D. 62, 65 (1st Cir. 2005).

5.  Bartlett submits that, to allow GWS's voluntary dismissal *without prejudice* would "unfairly jeopardize the [third-party defendant's] interest." *Id.* This case has already seen substantial discovery (*e.g.*, all of the individual parties have been deposed) which is now complete. Moreover, Bartlett has already expended extensive legal fees in defending the claims asserted against him. Accordingly, dismissal *without prejudice* at this juncture would significantly prejudice Bartlett. *See id.* (where court denied plaintiff's motion for voluntary dismissal without prejudice in significant part because defendant had already answered plaintiff's complaint, conducted significant discovery and incurred extensive legal fees). Furthermore, in their request to voluntarily dismiss *without prejudice*, GWS fails to adequately explain why dismissal of claims against Third-Party Defendant Bartlett is necessary. *See Guptill v. Martin*, 228 F.R.D. 62, 65 (1st Cir. 2005). As such, voluntary dismissal without prejudice is not proper and would be unfair to Bartlett.

6.  Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to continue to exercise supplemental jurisdiction over the third-party claims, even in the absence of any federal claims. The Supreme Court has expressly stated that, although a federal court is within its power to refuse to exercise supplemental jurisdiction over a case where no federal claims remain, the decision to do so is discretionary and is not a "mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 fn.7 (1988).

7.  The factors generally considered by Courts in determining whether to continue to exercise supplemental jurisdiction over a case where all federal claims have been dismissed are the same factors considered by Courts in determining whether supplemental jurisdiction was

proper in the first place. *See Carnegie-Mellon University*, 484 U.S. at 350 fn.7 (1988). These factors include "judicial economy, convenience, fairness, and comity." *Id.*; s*ee also Petch-Schmid v. Boston Edison Company*, 914 F.Supp. 697, 708 fn. 23 (D.Mass. 1996).

8.  In the present case, the balance of the above factors weigh in favor of this Court exercising its discretion and maintaining supplemental jurisdiction over the state claims that remain against Bartlett. Should Bartlett prevail in his defense in this case, he would be entitled to indemnification under Delaware law. *See* 8 Del. C. § 145(c) ("To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding…or in defense of any claim, issue, or matter therein, such person *shall be indemnified* against expenses…in connection therewith.")(emphasis added). Bartlett's ability to seek indemnification under Delaware law would be substantially impaired if this Court dismissed the third-party claims against Bartlett and GWS was allowed to join these claims with its distinct and separate counterclaims in the Essex Superior Court action.

9.  GWS and Lortie appear to have no interest in pursuing their third-party claims against Bartlett. Indeed, this is the second motion they have filed seeking dismissal *without prejudice* of those claims. *See* Document No. 30. There is no assurance that if they obtain dismissal without prejudice of those claims in this Court, they will refile them in the Essex Superior Court or anywhere else. This would further impair Bartlett's rights of indemnification for his legal expenses

10. Furthermore, there is no guarantee, even if this Court did grant GWS's motion and the case was refiled in state court, that the Essex Superior Court would allow the claims to be consolidated in the pending litigation. The claims against Bartlett in this action were brought by GWS and Lortie. Lortie is not a party to the Essex Superior Court case. Moreover, there are

other parties to the Essex Superior Court case (four affiliated "Mezzanine Management" private equity firms) that are not parties to this action. Given the expense, preparation and circumstances of this case, Bartlett should not be forced to incur the risk of having the claims against him dismissed in the current action, only to be raised against him again in a new action several years later, if Essex Superior Court denies consolidation. The claims against Bartlett are discreet claims involving a discreet contract. This Court is familiar with the case and dismissal at this juncture, with no guarantee that consolidation in state court would be forthcoming, is contrary to notions of fairness, convenience, and judicial economy.

11. Therefore, principles of fairness weigh in favor of maintaining separation of the claims raised in this case from the claims pending litigation in Essex County Superior Court.

12. Although Bartlett would accept dismissal of third-party claims *with prejudice*, he must oppose any motion to dismiss *without prejudice*. This is particularly so under the present circumstances where factors of fairness, convenience and judicial economy weigh in favor of this Court exercising supplemental jurisdiction over the state law claims remaining. Accordingly, Third-Party Defendant Bartlett respectfully requests that the Court either deny GWS's Motion To Dismiss Third-Party Claims or condition its allowance on a requirement that dismissal of the third-party claims be with prejudice.

**REQUEST FOR ORAL ARGUMENT**

Third-Party Defendant Bartlett respectfully requests oral argument on the motion to dismiss.

        Respectfully submitted,

        Third-Party Defendant,

        **JAMES R. BARTLETT**

        By his attorneys,

        /s/ Thomas S. Fitzpatrick
        Thomas S. Fitzpatrick, BBO # 556453
        Davis, Malm & D'Agostine, P.C.
        One Boston Place, 37th Floor
        Boston, MA 02108
        (617) 367-2500

Dated: February 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 26, 2007.

/s/ Thomas S. Fitzpatrick
Thomas S. Fitzpatrick

432951v.1